**Randolfo Garcia GALINDO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72453.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.[*]

Decided Jan. 13, 2005.

Philippe Dwelshauvers, Fresno, CA, for Petitioner.

Fed. R.App. P. 34(a)(2).

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See*

Regional Counsel, Laguna Niguel, CA, Douglas E. Ginsburg, Esq., John D. Williams, Esq., Washington, DC, for Respondent.

Before: GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

MEMORANDUM **

Randolfo Garcia Galindo, a native and citizen of Guatemala, petitions for review of the BIA's decision upholding the immigration judge's denial of his application and withholding of removal. We have jurisdiction under 8 U.S.C. 1252(a). We review the BIA's decision for substantial evidence. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (holding that the agency's finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it). We deny the petition for review.

Mr. Galindo failed to present credible, specific facts that meet this standard. For example, he claimed that he was persecuted because he was the member of a union. Over the course of the proceedings before the immigration judge, however, he offered conflicting testimony as to, among other things, what the name of the union was, how he came to join the union and how long he belonged to the union. The evidence in the record does not compel a conclusion contrary to the immigration judge's finding that Mr. Galindo was not credible. Accordingly, Mr. Galindo's failed to establish eligibility for asylum or with-

holding of removal. *See Pal v. INS*, 204 F.3d 935, 940 (9th Cir.2000) (denying petition for review because evidence in the record did not compel contrary conclusion).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

